IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESSICA GABRIELA SILVA, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § § | C.A. No. _____ |
| PASTRANAS PRODUCE, INC.; HUMBERTO IZAGUIRRE, JR.; GAMALIEL OMAR GARCIA PASTRANA; MARIA BLANCA GUADALUPE PADRON HERNANDEZ and HEB GROCERY COMPANY, LP, | § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Yessica Gabriela Silva (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendants Pastranas Produce, Inc.; Humberto Izaguirre, Jr.; Gamaliel Omar Garcia Pastrana; Maria Blanca Guadalupe Padron Hernandez and HEB Grocery Company, LP (collectively referred to as "Defendants").  In support thereof, she would respectfully show the Court as follows:

## I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by failing to pay their nonexempt employees at the minimum wage for all hours worked and by failing to pay their nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) per each seven (7) day workweek.

3. Plaintiff brings this collective action under section 16(b) of the FLSA on behalf of herself and all other similarly situated employees in order to recover unpaid regular and overtime wages. 29 U.S.C. § 216(b).

## II. JURISDICTION & VENUE

4. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

### III. THE PARTIES

6. Plaintiff Yessica Gabriela Silva is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing her duties, Silva was engaged in commerce or in the production of goods for commerce. Silva regularly worked in excess of forty (40) hours per week. However, Silva did not receive pay for all hours worked at the minimum wage, nor did she receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7. Defendant Pastranas Produce, Inc. is a Texas corporation that may be served with process by serving its registered agent, Jose G. Padron, at 5713 Broken Spoke Ln., Brownsville, Texas 78526. Alternatively, if the registered agent of Pastranas Produce, Inc. cannot with reasonable diligence be found at its registered office, Pastranas Produce, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

8. Defendant Humberto Izaguirre, Jr. is an individual who may be served with process at 5 Old Alice Rd., Brownsville, Texas 78520 or wherever he may be found. Defendant Humberto Izaguirre, Jr. may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or

place of business because this action grows out of or is connected with the business he transacts in this state.

9. Defendant Gamaliel Omar Garcia Pastrana is an individual who may be served with process at 1233 Burmeister Rd., Fort Worth, Texas 76134 or wherever he may be found. Defendant Gamaliel Omar Garcia Pastrana may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

10. Defendant Maria Blanca Guadalupe Padron Hernandez is an individual who may be served with process at 1233 Burmeister Rd., Fort Worth, Texas 76134 or wherever she may be found. Defendant Maria Blanca Guadalupe Padron Hernandez may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at her office or place of business because this action grows out of or is connected with the business she transacts in this state.

11. Defendant HEB Grocery Company, LP is a Texas limited partnership that may be served with process by serving its registered agent, Abel Martinez, at 646 South Main Ave., San Antonio, Texas 78204. Alternatively, if the registered agent of HEB Grocery Company, LP cannot with reasonable diligence be found at its registered office, HEB Grocery Company, LP may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. FACTS

13. Defendant HEB Grocery Company, LP (referred to as "HEB") owns and operates more than three hundred (300) grocery stores across Texas.

14. Defendants Pastranas Produce, Inc. (referred to as "Pastranas") owns and operates a produce business; Pastranas provides cutting, preparation and/or packaging of fruit and other produce.

15. Defendants Humberto Izaguirre, Jr.; Gamaliel Omar Garcia Pastrana and Maria Blanca Guadalupe Padron Hernandez are officers and/or directors of Pastranas. As such, they have operational control of Pastranas and/or effectively dominate its administration or otherwise act, or have the power to act, on behalf of Pastranas vis-à-vis its employees. This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

16. In connection with their business operations, Defendants collectively employ numerous laborers to cut, pepare and package fruit and other produce.

17. From approximately June 2008 through January 2012, Silva was employed by Defendants as a laborer.

18. Laborers, including Silva, are responsible for cutting, preparing and/or packaging fruit and other produce in HEB grocery stores.

19. Laborers, including Silva, regularly work in excess of forty (40) hours per week.

20. Defendants do not pay laborers, including Silva, at the minimum wage for all hours worked, nor do they pay laborers, including Silva, overtime wages for hours worked in excess of forty (40) per each seven (7) day workweek at a rate of time and one-half as required by the FLSA.

21. Instead, laborers, including Silva, are paid at a piece rate which does not take into consideration the total number of hours worked each week and which nearly always results in an hourly rate below the minimum wage.

22. On information and belief, these same illegal pay practices were applied to all employees of Defendants who were compensated in the same or similar manner to that of Plaintiff.

### V.  COUNT ONE—VIOLATION OF THE FLSA

**A.   Defendants Failed to Properly Compensate Plaintiff for All Hours Worked at the Minimum Wage and at the Rate of Time and One-Half for All Overtime Hours Worked.**

23. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

24. On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

25. As a nonexempt employee, Plaintiff was legally entitled to be paid at the minimum wage for all hours worked and at one and one-half times her "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. §§ 206(a), 207(a).

26. Defendants failed to pay Plaintiff at the minimum wage for all hours worked.

27. Defendants failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times her regular rate.

28. Instead, Defendants paid Plaintiff at a piece rate which did not take into consideration the total number of hours worked each week and which nearly always resulted in an hourly rate below the minimum wage.

29. As a result, Plaintiff was regularly "shorted" on her paycheck by not being paid at the minimum wage for all hours worked and at a rate of time and one-half for hours worked in excess of forty (40).

30. In the event that Defendants classified Plaintiff as exempt from the minimum wage or overtime requirements of the FLSA, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiff at the minimum wage for all hours worked and/or full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

31. Rather, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B.   Defendants Failed to Keep Accurate Records of Time Worked.**

32. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

33. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**C.   Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

34. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

35. No exemption excuses Defendants from failing to pay Plaintiff at the minimum wage for all hours worked and at her proper overtime rate of time and one-half for all hours worked in excess of forty (40).

36. Defendants have not made a good faith effort to comply with the FLSA.

37. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

### VI.  COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

39. On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

40. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied payment for all hours worked at the minimum wage and overtime wages at a rate of time and one-half for hours worked in excess of forty (40) each workweek.

41. Defendants' patterns or practices of failing to pay the minimum wage and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

42. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

43. All employees of Defendants, regardless of their rate of pay, who were not paid at the minimum wage for all hours worked and/or at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former laborers or any other employee: (1) who worked at any business that was owned, operated, and/or acquired by Defendants during the class period; (2) who were compensated on a piece rate basis; and/or (3) who were not properly paid at least the minimum wage and at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

44.     Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

### VII.  COUNT THREE—FAILURE TO PAY WAGES

45.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

46.     Defendants' practice of failing to pay their nonexempt employees at the minimum wage for all hours worked and overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) each workweek is in direct violation of the FLSA.  29 U.S.C. §§ 206(a), 207(a).

47.     Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff her full and proper compensation.  29 U.S.C. § 216(b); TEX. LAB. CODE §§ 61.011-61.020.

48.     Plaintiff is entitled to payment at the minimum wage for all hours worked.

49.     Plaintiff is entitled to payment for all hours worked in excess of forty (40) each workweek in an amount that is one and one-half times her regular rate of pay.

50.     Plaintiff is entitled to liquidated damages in an amount equal to her unpaid regular and overtime wages as a result of Defendants' failure to comply with the requirements of the FLSA.  29 U.S.C. § 216(b).

### VIII.  JURY REQUEST

51.     Plaintiff requests a trial by jury.

## IX. PRAYER

52. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendants have violated the minimum wage and overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

   c. Declare Defendants' violations of the FLSA to be willful;

   d. Award Plaintiff and all those similarly situated damages for the amount of unpaid minimum wages and unpaid overtime compensation, subject to proof at trial;

   e. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically required by the FLSA;

   f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

   g. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   h. Award postjudgment interest as allowed by law;

   i. Award costs of court of prosecuting Plaintiff's claims; and

   j. Award such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **MOORE & ASSOCIATES**

        By: /s/ Melissa Moore
            Melissa Moore
            State Bar No. 24013189
            Federal Id. No. 25122
            Curt Hesse
            State Bar No. 24065414
            Federal Id. No. 968465
            Lyric Center
            440 Louisiana Street, Suite 675
            Houston, Texas 77002
            Telephone: (713) 222-6775
            Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF**