IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESSICA GAVRIELA SILVA | § | |
| Individually and on Behalf of | § | |
| and All Others Similarly Situated, | § | |
|     Plaintiff | § | |
| | § | |
|     v. | § | Case No. 4:12-CV-00470 |
| | § | |
| PASTRANAS PRODUCE, INC.; | § | |
| HUMBERTO IZAGUIRRE, JR.; | § | |
| GAMALIEL OMAR GARCIA | § | |
| PASTRANA; MARIA BLANCA | § | |
| GUADALUPE PADRON HERNANDEZ | § | |
| and HEB GROCERY COMPANY, LP | § | |
|     Defendants | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   On several occasions during March and April 2012, counsel for Plaintiffs, Melissa Moore, had several telephone conferences with one or more of the following counsel for Defendant HEB Grocery Company, LP: Courtney M. Smith, Lawrence D. Smith, and Abel Martinez, to discuss the parties' respective positions and the possibility for promptly resolving the case, among other issues.

   Plaintiffs' counsel, Melissa Moore, has also conferred with counsel for Pastranas Produce, Inc., Michael Latimer, on several occasions.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Defendants are parties to a lawsuit pending in the United States District Court for the Western District of Texas, San Antonio Division, Case No. SA12CA0116-XR, involving similar legal theories but different plaintiffs.

3. **Briefly describe what this case is about.**

   Plaintiffs are former employees of Pastranas Produce, Inc. ("Pastranas") who cut and displayed produce products at the grocery stores of HEB Grocery Company, LP. ("HEB"). Plaintiffs allege that they were not paid minimum wage and/or overtime for all hours worked. Plaintiffs bring this collective action seeking to recover damages under the Fair Labor Standards Act. Although Plaintiffs were employed by Pastranas, Plaintiffs seek to hold HEB liable on the theory that they were a "joint employer" with Pastranas.

4.      **Specify the allegation of federal jurisdiction.**

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims under the Fair Labor Standards Act, a law of the United States.

5.      **Name the parties who disagree and the reasons.**

N/A.

6.      **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiffs intend to file an unspecified number of additional consents for individual plaintiffs to be added as party Plaintiffs.

7.      **List anticipated interventions.**

N/A.

8.      **Describe class-action issues.**

This action is brought by Plaintiffs on behalf of themselves and all other employees similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).  Plaintiffs intend to move for conditional certification and class certification at the appropriate times.

Defendants dispute that the case is appropriate for class treatment and will oppose any motions by Plaintiffs for class notice and/or for class certification.  In the event a class is certified, Defendants will likely move for decertification at the appropriate time.

9.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have been exchanging information and documents on an informal basis in connection with ongoing settlement discussions.  In the event initial settlement discussions are not successful, the parties will agree to a deadline by which to exchange initial disclosures.

10.     **Describe the proposed agreed discovery plan, including:**

A.      **Responses to all the matters raised in Rule 26(f).**

(a) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The parties will agree on a deadline to exchange initial disclosures.

(b) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

2

Discovery will be necessary on all issues related to liability and damages, including whether HEB was a joint employer of any of the Plaintiffs employed by Pastranas. HEB proposes that discovery as to HEB be limited to the joint employer issue, and a determination made on that issue, prior to engaging in discovery as to HEB on the merits of Plaintiffs' claims or damages. Similarly, HEB proposes that discovery be limited to issues of class notice, and that issues related to class notice such as the timing and approval of any such notice be decided, prior to engaging in discovery on the merits.

(c) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which is should be produced.

To the extent that electronic information is relevant, available, or becomes necessary, the parties agree to produce such information in accordance with Federal Rule of Civil Procedure 34, or as otherwise agreed to by the parties.

(d) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claim after production—whether to ask the court to include their agreement in an order.

The parties agree that if privileged documents are inadvertently produced, upon identification of the privileged document by counsel for the producing party, the opposing counsel will return the document posthaste without copying or transmitting the document to others. The parties will agree to a proposed protective order for submission to the court, if necessary.

(e) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

Class discovery should be limited to individuals residing in the Southern District of Texas during the relevant time period.

(f) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Discovery as to HEB initially should be limited to the issue of whether HEB was a joint employer with Pastranas, and to issues relevant to class notice, and those issues should be decided, prior to engaging in discovery as to HEB on the merits of Plaintiffs' claims or Plaintiffs' damages.

**B.      When and to whom the plaintiff anticipates it may send interrogatories.**

Prior to the scheduled discovery deadline, Plaintiffs anticipate propounding interrogatories on HEB and Pastranas as needed.

**C.      When and to whom the defendant anticipates it may send interrogatories.**

Prior to the scheduled discovery deadline, HEB and Pastranas anticipate propounding interrogatories on Plaintiffs as needed.

**D.**   **Of whom and by when the plaintiff anticipates taking oral depositions.**

Prior to the scheduled discovery deadline, Plaintiffs anticipate deposing witnesses identified in HEB and Pastranas' initial disclosures or identified by Plaintiffs.

**E.**   **Of whom and by when the defendant anticipates taking oral depositions.**

Prior to the scheduled discovery deadline, Defendants anticipate taking the depositions of the named Plaintiffs and other opt-in Plaintiffs as necessary.  Defendants may also depose third party witnesses identified in Plaintiffs' initial disclosures, or who otherwise may be identified in connection with Defendants' discovery and investigation.

**F.**   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate experts and will provide any reports required by Rule 26(a)(2)(B) by February 28, 2013.

Defendants will designate experts and will provide any reports required by Rule 26(a)(2)(B) by March 29, 2013.

**G.**   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Prior to the scheduled discovery deadline, Plaintiffs anticipate deposing any experts timely designated by Defendants after receipt of the expert reports.

**H.**   **List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Prior to the scheduled discovery deadline, Defendants anticipate deposing any experts timely designated by Plaintiffs after receipt of the expert reports.

**11.**   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A.

**12.**   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have exchanged information and documents on an informal basis in connection with ongoing settlement discussions.

**13.**   **State the date the planned discovery can reasonably be completed.**

May 31, 2013.

4

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties scheduled a mediation, but decided that mediation was premature and began engaging in informal settlement discussions. The parties will continue discussions and reschedule the mediation if they determine it might be helpful in bringing about a prompt resolution of the case.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Each party has informally produced documents and information as requested by the other party in order to provide the parties with information needed to evaluate the case for purposes of settlement. This exchange is continuing. In addition, the parties have engaged in several telephone discussions regarding settlement, and have explored the possibility of utilizing the services of a professional mediator, if needed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are amenable to private mediation, if necessary, which can likely be effectively used within the next three months.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

Plaintiffs timely requested a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

At this time, the parties anticipate the trial of this case will last approximately 50 to 70 hours. The parties will be better able to assess the precise number of hours necessary after engaging in discovery.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

21. **List other motions pending.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The status of settlement discussions, the joint employer issue, and class certification and notice issues should be considered at the conference.

5

**23.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

/s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
SD Bar No. 25122
Curt Hesse
State Bar No. 24065414
SD Bar No. 968465
Moore & Associates
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
713.222.6775 (phone)
713.222.6739 (fax)
ATTORNEYS FOR PLAINTIFFS

/s/ Michael R. Latimer
Michael R. Latimer
State Bar No. 11981500
Law Office of Michael R. Latimer
405 N. St. Mary's, Suite 242
The Travis Building
San Antonio, Texas 78205
210.527.0900 (phone)
210.527.0901 (fax)
ATTORNEY FOR DEFENDANTS
PASTRANAS PRODUCE, INC.,
GAMALIEL OMAR GARCIA PASTRANA,
AND MARIA BLANCA GUADALUPE
PADRON HERNANDEZ

/s/ Courtney M. Smith
Lawrence D. Smith
State Bar No. 18638800
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas 78205
210.354.1300 (phone)
210.277.2702 (fax)

Courtney M. Smith
State Bar No. 24059340
SD Bar No. 869490
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
512.344.4711 (phone)
512.344.4701  (fax)

Abel Martinez
State Bar No. 13137560
HEB Grocery Company, LP
P.O. Box 839999
San Antonio, Texas 78283
210.938.8232 (phone)
ATTORNEYS FOR DEFENDANT
HEB GROCERY COMPANY, LP

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

Melissa Moore
Curt Hesse
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas 77002
713.222.6739 fax

Michael Latimer
Harkins, Latimer & Dahl, P.C.
405 N. St. Mary's, Suite 242
San Antonio, Texas 78205
210.527.0901 fax

/s/Courtney M. Smith
Courtney M. Smith

7